IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARY A. LUCERO,

       Plaintiff,

v.     CV 14-999 MV/WPL

U.S. DEPARTMENT OF LABOR,
ENERGY EMPLOYEES OCCUPATIONAL
ILLNESS COMPENSATION PROGRAM,
OFFICE OF WORKERS COMPENSATION,

       Defendant.

**ORDER DENYING MOTION FOR DISCOVERY**

This matter is before me on Plaintiff Mary Lucero's Motion for Discovery. (Doc. 13.) The present case is an administrative appeal of the United States Department of Labor's ("DOL") denial of impairment benefits owed—but not paid—to her late husband under the Energy Employees Occupational Illness Compensation Program Act of 2000, 42 U.S.C. §§ 7384-7385s-16 (2012) ("EEOICPA"). (*See* Doc. 1.) Lucero's late husband was exposed to radiation in uranium mines used for the benefit of the United States's nuclear weapons program. In her petition, Lucero presents the issue of whether the DOL can void a widow's claim to her husband's unpaid impairment compensation based on a rule in a Claims Policy Manual when the statute and regulations "mandate payment . . . under the circumstances of this claim." (*Id.* at 2.) A Director at the DOL vacated a decision by the Final Adjudication Branch to award Lucero $42,500 in impairment benefits by citing solely to the 2010 version of the manual, which states that "if the employee received any compensation for impairment or wage-loss, prior to his death, such payment voids the election of benefit option." (*See* Doc. 13 Ex. 1 at 8.) Lucero's late husband had previously received an impairment benefit of $7,500.

Lucero now requests all variations of the manual rules that deal with the ability of a widow to receive impairment compensation owed to her late husband that where not paid before his death, noting that the 2005 version did not void benefits in this situation. Lucero further requests "all circulars, transmittals and bulletins, internal memorandum or requests for comment that address the change and reasoning," as well as the deposition of the Secretary and/or designee responsible for the manual provision voiding benefits to "provide history, background and reasoning for the limitation imposed by one rule in the manual which conflicts with the statute and another permanent rule." (Doc. 13 at 2.) The DOL filed a response (Doc. 14), and Lucero filed a reply (Doc. 16). Based on a review of the briefing and the relevant law, I DENY Lucero's motion for discovery.

Lucero argues that the statute is not ambiguous and that the inquiry about whether she is entitled to benefits stops there, pursuant to the first step of a *Chevron* analysis. *See Chevron, U.S.A., Inc. v. Natural Res. Def. Council*, 467 U.S. 837, 842-43 (1984). However, Lucero asserts that she "must prepare[—through discovery—] for the possibility that Department of Labor may argue and provide for the first time on appeal its reasoning for construing the statute to void a widow[']s right to unpaid impairment compensation and seek the deference afforded in the second step in *Chevron*."[1] (Doc. 13 at 4.) Yet, Lucero then points out that courts do not defer to post hoc interpretations in agency briefs. She states that such interpretations "will be of no value to the Court," but that she should nevertheless be permitted to rebut such an effort through information the limited discovery could provide. (*Id.*) Further, Lucero states that a claims manual may warrant less deference than that accorded by *Chevron* and that no deference is to be afforded when an agency provides no reasoning for its interpretation. With respect to any

---

[1] If Congress does not unambiguously express its intent, a court defers to the agency's interpretation if it "is based on a permissible construction of the statute." *Chevron*, 467 U.S. at 843.

2

potential deference conferred to possible agency reasoning presented to the Court, Lucero seeks to "illuminate the thoroughness of the [DOL's] consideration, the validity of its reasoning and its consistency with earlier and later pronouncements." (*Id.* at 5.) Finally, Lucero points to an inconsistency in language in the internal claims manual itself and asserts that the Director's order denying benefits merely listed the rule voiding unpaid impairment benefits without any quotation to the statute or other reasoning for the decision.

The DOL argues that it is a fundamental principle of judicial review of an agency's final decision that review is limited to the administrative record before the agency at the time of its decision and that discovery should not be permitted due to "arguments DOL might make on the merits." (Doc. 14 at 1-2.) The DOL recognizes exceptions to this principle in cases with a strong showing of bad faith or improper behavior or where the agency ignored relevant information or considered information outside the record. However, the DOL asserts that Lucero did not show any of these exceptions. In addition, the DOL contends that if, as argued by Lucero, the statutory language is unambiguous that Lucero is entitled to benefits, any discovery would be irrelevant—the statute and the manual are already available. Finally, the DOL argues that Lucero's cause of action in her petition is an appeal of the DOL's decision in her claim pursuant to the EEOICPA, not an Administrative Procedure Act challenge to the validity of the DOL's adoption of the manual rule voiding benefits. As such, the DOL argues that the Court is limited to determining whether, based on the administrative record, the DOL's decision was "arbitrary and capricious." 42 U.S.C. § 7385s-6(a).

Lucero counters that she made clear in her petition that the DOL was required to make two decisions in denying Lucero's claim: 1) to change its manual to include the voiding

provision and 2) to apply the new manual rule to Lucero's case. Lucero asserts that she is only seeking discovery as to the first decision.

"[A]ppellate counsel's *post hoc* rationalizations for agency action, advanced for the first time in the reviewing court," are not entitled to deference. *Martin v. Occupational Safety & Health Review Comm'n*, 499 U.S. 144, 156 (1991) (quotation omitted). "Deference to what appears to be nothing more than an agency's convenient litigating position would be entirely inappropriate." *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 213 (1988). That is, "the focal point for judicial review should be the administrative record already in existence," *Camp v. Pitts*, 411 U.S. 138, 142 (1973), and a court "must judge the propriety of [the agency] action solely by the grounds invoked by the agency," *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947). Exceptions to this practice include "extremely limited circumstances, such as where the agency ignored relevant factors it should have considered or considered factors left out of the formal record" or "when there is a strong showing of bad faith or improper behavior." *Citizens for Alternatives to Radioactive Dumping v. U.S. Dep't of Energy*, 485 F.3d 1091, 1096 (10th Cir. 2007) (quotations omitted). As noted by the DOL, Lucero did not allege any of these circumstances. I find it peculiar that Lucero would seek discovery based on the chance that the DOL will improperly bring post hoc rationalizations about the manual rule that the Court may not consider.

Likewise, Lucero's argument that she should be afforded limited discovery based on her concern that the DOL may seek *Chevron* deference to the manual rule is without merit. "[If] Congress has directly spoken to the precise question at issue . . . [and] the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Chevron*, 467 U.S. at 842-43. Even if Congress

did not express its intent unambiguously, "[i]nterpretations such as those in opinion letters . . . , policy statements, agency manuals, and enforcement guidelines, all of which lack the force of law—do not warrant *Chevron*-style deference. They are 'entitled to respect,' but only to the extent that they are persuasive." *Christensen v. Harris Cnty.*, 529 U.S. 576, 587 (2000) (citing *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944)) (other citations omitted). The persuasiveness "depend[s] upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade . . . ." *Skidmore*, 323 U.S. at 140. The presiding judge would determine the persuasiveness of the applicable rule in the manual—again, without taking into account post hoc reasoning. Alternatively, "[i]f the record . . . does not support the agency action . . . or if the reviewing court simply cannot evaluate the challenged action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985). Therefore, if the presiding judge requires more information to evaluate the case upon examination of the record, she could remand the case for that purpose.

Accordingly, I conclude that Lucero's arguments for limited discovery are without merit, and her motion for discovery is hereby DENIED.

Further, the parties are ordered to file a motion and submit a proposed order with a proposed briefing schedule by **June 16, 2015.**

IT IS SO ORDERED.

_William P. Lynch_
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.

5